## EMELINE SOUTHWARD *vs.* CHARLES E. KIMBALL.

The police court of the city of Boston, sitting for the transaction of criminal business, nas jurisdiction of cases arising under Gen. Sts. *c.* 72, concerning the maintenance of bastard children.

COMPLAINT under Gen. Sts. *c.* 72, concerning the maintenance of bastard children, made before the police court of the city of Boston, sitting for the transaction of criminal business. None of the proceedings were before that court, sitting for the transaction of civil business; and, at the trial in the superior court, the defendant objected that the case was improperly commenced. *Rockwell,* J. overruled the objection; a verdict of guilty was rendered; and the defendant alleged exceptions.

*P. Ayer,* for the defendant.

*L. Gray,* for the complainant.

---

HOAR, J.  It was held in the case of *Woodman* v. *Jarvis*, 12 Gray,    , that under *St.* 1851, *c.* 96, prosecutions for the support of bastard children in the city of Boston must be instituted in the justices' court, and not in the police court of that city. This decision was based upon the first and second sections of the statute, which required such prosecutions to be " according to the course of proceedings in civil cases," except where otherwise specially provided; and giving the court of common pleas jurisdiction of such prosecutions exclusively at terms held for the transaction of civil business, in counties in which separate terms for criminal and civil business were established.

The *St.* of 1857, *c.* 300, changed the law, and gave the jurisdiction of such cases to the police court of Boston, instead of the justices' court.  And thus the law stood until the passage of the General Statutes.  By the Gen. Sts. *c.* 116, the justices' court of the city of Boston was abolished, and its whole jurisdiction transferred to the police court.

In Gen. Sts. *c.* 72, § 1, jurisdiction for instituting prosecutions for the maintenance of bastard children is given to justices of the peace and police courts; and by § 13 it is provided that " prosecutions under this chapter, except as herein otherwise expressly provided, shall be according to the course of proceedings in civil cases, and shall not be entertained at any term of the superior court held exclusively for the transaction of criminal business."

By *c.* 116, § 38, the police court of the city of Boston is to be held daily for criminal business; and by § 39 terms for civil business are to be held weekly, commencing on Saturday, with the power to continue actions.  By § 20, the other police courts of the Commonwealth are required to have separate terms for the transaction of civil and criminal business, to be fixed by general rules.

In the present case the proceedings were had before the police court of Boston, when sitting for the transaction of criminal business only; and the defendant's exception is to the sufficiency of these proceedings to hold him.

On looking at the various parts of the General Statutes which have a bearing upon the question, we think the exception cannot prevail. The report of the commissioners shows no intention to change the law, as it stood under the *St.* of 1857. They retained the provisions relating to the justices' court, and reported *c.* 72, §§ 1, 13, in the form in which they now stand. They recommended the abolition of the justices' court, and the transfer of its jurisdiction to the police court, and their recommendation was adopted by the legislature; but the jurisdiction over bastardy process was no part of that which was thus transferred. It was already conferred on the police court in *c.* 72; while the provisions relating to the justices' court were reported unchanged. The prosecutions in bastardy cases are instituted by a complaint and warrant. By *c.* 116, § 16, the justice may receive complaints and issue warrants when the court is not in session; and by § 17, the warrants issued "under the provisions of chapter seventy-two" are mentioned with those issued in criminal suits or proceedings, and are embraced in the same restriction of jurisdiction. The defendant is brought before the police court upon summary process by warrant, and there is no provision for his being admitted to bail before he is examined.

This court are therefore of opinion that the provisions of Gen. Sts. *c.* 72, § 13, were not intended to confine the action of the police court of the city of Boston in cases arising under that chapter to terms of that court held for the transaction of civil business exclusively. *Exceptions overruled.*